United States v. Lawrence

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14ᵗʰ day of December, two thousand twenty-two.

PRESENT:
> AMALYA L. KEARSE,
> MICHAEL H. PARK,
> STEVEN J. MENASHI,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                                 21-1668

ANTHONY LAWRENCE,

> *Defendant-Appellant.*

---

| | |
|---|---|
| **FOR DEFENDANT-APPELLANT:** | COLLEEN P. CASSIDY, Federal Defenders of New York, Inc., New York, N.Y. |
| **FOR APPELLEE:** | KAYLA C. BENSING (Susan Corkery, *on the brief*), Assistant United States Attorney, *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, N.Y. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Dearie, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Anthony Lawrence appeals from a judgment of conviction entered on June 30, 2021 in the United States District Court for the Eastern District of New York (Dearie, *J*.). Following a jury trial, Lawrence was convicted of one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). On appeal, Lawrence challenges the admission at trial of the expert testimony of Bureau of Alcohol, Tobacco, Firearms & Explosives Senior Special Agent Howard Stern about the secondary market for firearms in New York City and the value of the firearm at issue. We assume the parties' familiarity with the facts, the procedural history, and the issues on appeal.

District courts have "great latitude in deciding whether to admit or exclude expert testimony." *United States v. Onumonu*, 967 F.2d 782, 786 (2d Cir. 1992). We review a district court's decision to admit such testimony for abuse of discretion. *See id*. A district court abuses its discretion "when its decision cannot be located within the range of permissible decisions or is based on a clearly erroneous factual finding or an error of law." *United States v. Rigas*, 490 F.3d 208, 238 (2d Cir. 2007) (internal quotation marks omitted).

Lawrence argues that the admission of Special Agent Stern's testimony about the secondary market for firearms violated Federal Rule of Evidence 401 because it was not relevant to any fact of consequence at trial. Evidence is relevant if it has "any tendency" to make any fact of consequence "more or less probable than it would be without the evidence." Fed. R. Evid. 401. That standard is met here. The parties confirmed during the pretrial hearing that the issue in dispute

was whether Lawrence was knowingly and intentionally in possession of the recovered firearm. *See* GA-7. And the price of the gun was relevant to this disputed issue. Even if the jury were to credit Officer Desposito's testimony that the firearm was in Lawrence's backpack, the government still needed to prove that Lawrence *knew* the firearm was in his backpack.[1] The price of the gun was relevant to Lawrence's knowledge because, as the government argued during closing, "[s]omebody would not just put an $850 gun or any other extremely valuable object into somebody else's backpack without that person having any idea why." GA-521. In addition, the high value of the firearm would have at least some tendency to rebut Lawrence's defense theory that the recovered firearm was not found in his backpack, but in the "vicinity" of his backpack, because it is less likely that a valuable weapon would happen to be found abandoned near Lawrence's backpack at the time of his arrest.[2] The district court thus did not err in ruling that Special Agent Stern's testimony was relevant.

Lawrence next argues that, even if it were relevant, the expert's testimony should have been excluded under Federal Rule of Evidence 403 because its probative value was substantially outweighed by the danger of unfair prejudice. Specifically, Lawrence identifies as prejudicial the portion of Special Agent Stern's testimony about undercover street sales, his use of the phrase "bad guys" to refer to individuals who illegally purchase firearms, and the portion of his testimony asserting that illegal firearms have a higher value than legal firearms because they are not registered in the buyer's name. Lawrence argues that these elements of Agent Stern's testimony

---

[1] Lawrence repeatedly argues that Officer Desposito's testimony was inconsistent and that he was not a credible witness. But Lawrence does not challenge the admissibility of Officer Desposito's testimony and "[i]t is a well-recognized principle of our trial system that determining the weight and credibility of a witness's testimony . . . belongs to the jury," *Nimely v. City of New York*, 414 F.3d 381, 397 (2d Cir. 2005) (cleaned up).

[2] Lawrence argues on appeal that one of six other men who were also fleeing from police may have discarded the firearm, and the government's own theory of the case made clear that someone fleeing arrest would not consider the value of a firearm before discarding it. But Lawrence's theory on appeal differs from his broader defense at trial that the recovered firearm was discarded by "someone else" and was found "somewhere else." *See* A-218.

suggest that he was "involved in gun trafficking" and "wanted an untraceable gun, presumably with which to commit crimes."

"Under Rule 403, so long as the district court has conscientiously balanced the proffered evidence's probative value with the risk for prejudice, its conclusion will be disturbed only if it is arbitrary or irrational." *United States v. Scully*, 877 F.3d 464, 473 (2d Cir. 2017) (quoting *United States v. Awadallah*, 436 F.3d 125, 131 (2d Cir. 2006)). Here, we cannot say that the district court's admission of the testimony was arbitrary or irrational. As explained above, the testimony about the secondary market for firearms and their value was relevant to the unconceded issue of whether Lawrence was knowingly and intentionally in possession of the recovered firearm.

The evidence also was not unduly prejudicial. When Special Agent Stern used the term "bad guy" to refer to a hypothetical purchaser of an illegal firearm, he readily admitted that he did not participate in Lawrence's arrest and had never seen or met Lawrence. *See* GA-431. And the government did not introduce any evidence at trial that Lawrence participated in firearm trafficking or that Lawrence had even personally purchased the firearm. Nor did the government reference Special Agent Stern's testimony about the secondary market or "bad guys" during closing, instead citing only the price of the firearm in its rebuttal summation. *See* GA-520-23. In any event, Special Agent Stern's testimony that firearms bought on secondary markets are not in the purchaser's name does not necessarily imply that the purchaser wants to "commit crimes" beyond being someone who was "prohibited from buying a gun on the legal market" for even non-criminal use. Special Agent Stern's testimony might have included more details than necessary to make the relevant point. But those details did not create prejudice that substantially outweighed the probative value of the testimony.

We need not decide whether any error was harmless because we conclude that the district court did not abuse its discretion by admitting Special Agent Stern's testimony. We have considered the remainder of Lawrence's arguments and find them to be without merit. For the foregoing reasons, the district court did not abuse its discretion in admitting Special Agent Stern's testimony, and the judgment of conviction is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court